FARMER, Judge,
dissenting.
The majority appears to believe that there is a pronounced difference between the information sought by the question “what is your name?” and that by “what is your true name?”. If I understand the court’s opimon, the former calls for any name you want to give; only the latter requires the truth. That distinction, I fear, can only lead to improvident results.
I also fear that the court has impliedly drawn a distinction that for contempt pur *1283 poses, as opposed to charges of perjury, it matters whether you were under oath when you gave false information to the court. By today’s decision it seems that, unless the court places the defendant under oath first and asks what his true name is, a defendant can continue to hide behind an alias at a sentencing hearing. I do not understand why the unsworn assertion could not be taken by the trial judge as a deliberate attempt to frustrate the processes of justice, thus constituting contempt of court. The logical extension of the decision seems to me that the defendant can later contend at a future habitual felony offender sentencing for subsequent crimes that the former conviction was someone else.
The fact that the court was not misled does not, of course, cancel the attempt to mislead. Indeed, the fact that here the defendant disclosed Ms correct name to the person who prepared the PSI report could support the trial court’s apparent finding that the attempt to mislead was deliberate and calculated. Concededly it could equally support a finding that it was guileless, but it was for the trial judge to make the finding and not tMs court.
I dissent.